IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MITCHELL RAY KING, JR.,** § | |
| § | |
| **Movant,** § | |
| § | |
| v. § | NO. 3:24-CV-663-L |
| § | (NO. 3:15-CR-115-L-1) |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Respondent.** § | |

## MEMORANDUM OPINION AND ORDER

Mitchell Ray King, Jr., ("Movant" or "Mr. King") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. By order signed March 19, 2024, the court ordered Movant to file a written explanation as to why his motion is not barred by the one-year statute of limitations or why the statute of limitations should be tolled on equitable grounds. The court has received and reviewed the response and concludes that the motion must be **denied**.

On March 10, 2024, Mr. King filed his motion under Section 2255. (Doc. 1 at 10). The motion reflects that Mr. King's appeal from the underlying judgment was dismissed as frivolous on April 5, 2017.[*] *Id.* at 3. Mr. King recognizes that the motion is untimely. His only response is that he did not "know the law about this whole situation until [he] started reviewing . . . and learning." (Doc.4).

Equitable tolling is an extraordinary remedy available only where strict application of the

---

[*] The record in the underlying criminal case reflects that the appeal was actually dismissed on March 9, 2017. *United States v. King*, No. 3:15-CR-115-L, Doc. 46.

**Memorandum Opinion and Order – Page  1**

statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The movant bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Whether a movant is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The failure to satisfy the statute of limitations must result from factors beyond the movant's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the movant is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Movant has not shown that he is entitled to equitable tolling. Accordingly, his motion is **denied**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **denied**.

**It is so ordered** this 31st day of May, 2024.

                                              Sam A. Lindsay
                                              United States District Judge